Percy MEJIA, Plaintiff–Appellant,

v.

Edward BLANCHETTE, Med, I/O, Steven Stein, M.D., I/O, John J. Armstrong, Comm of Corr, I/O, Tarscio, warden, I/O, Defendants–Appellees.

Docket No. 01–311.

United States Court of Appeals, Second Circuit.

June 11, 2002.

Percy Mejia, Suffield, CT, pro se.

Lynn D. Wittenbrink, Ass't Att'y Gen., Hartford, CT, for Appellees.

Present KEARSE, McLAUGHLIN, Circuit Judges, and DANIELS, District Judge.*

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the District of Connecticut, and was submitted by plaintiff *pro se* and by counsel for defendants.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Plaintiff *pro se* Percy Mejia, a Connecticut State prisoner, appeals from a judgment of the United States District Court for the District of Connecticut, Warren W. Eginton, *Judge,* dismissing his claims brought under 42 U.S.C. § 1983 alleging that defendants prison officials violated his rights under the Eighth Amendment to the Constitution, principally in connection with the presence of asbestos in the prison. The district court dismissed the action on the ground that defendants who are sued in their official capacities as state employees are immune under the Eleventh Amendment from a claim for damages and because Mejia's claims have not been exhausted in accordance with 42 U.S.C. § 1997e(a). On appeal, Mejia appears to contend principally (1) that his action was maintainable as a *Bivens* action (*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)), and (2) that exhaustion should not have been required because his claims arose prior to the effective date of § 1997e(a) and because it was not clear that the exhaustion requirement applied to claims for money damages. Finding no merit in his contentions, we affirm.

*Bivens* actions for violations of civil rights have been held available in certain circumstances against agents of the federal government, but the Supreme Court "ha[s] consistently refused to extend *Bivens* liability to any ... new category of defendants." *Correctional Services Corp. v. Malesko,* 534 U.S. 61, 122 S.Ct. 515, 520, 151 L.Ed.2d 456 (2001). The defendants named by Mejia are not federal agents but agents of the State of Connecticut. Accordingly, the district court properly did not treat his action as a *Bivens* action. Although a civil rights action may be brought under 42 U.S.C. § 1983 against a "person" acting under color of state law, state officials sued in their official capacities have Eleventh Amendment immunity from suit, and hence are not considered "person[s]" within the meaning of § 1983, *see Howlett v. Rose,* 496 U.S. 356, 365, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990); *Will v. Michigan Department of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Mejia has made no argument on appeal to indicate that his claims were asserted against the defendants in their individual capacities.

The district court also properly ruled that Mejia's claims with respect to the conditions of his confinement could not be maintained because he had not exhausted his administrative remedies. We reject Mejia's contention that the exhaustion requirement was inapplicable on the ground that his suit, brought in 2000, asserted claims that arose as early as 1994, prior to the 1996 effective date of § 1997e(a). Although the exhaustion requirement in § 1997e(a) could not properly be applied to an action that was already pending on the

---

* Honorable George B. Daniels, of the United States District Court for the Southern District of New York, sitting by designation.

date the section became effective, it does apply "to actions that ha[d] yet to be brought." *Salahuddin v. Mead*, 174 F.3d 271, 274 (2d Cir.1999) (internal quotation marks omitted). Further, subsequent to the entry of judgment in this case, the Supreme Court made clear that § 1997e(a)'s exhaustion requirement is applicable regardless of the type of relief sought. *See Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

We have considered all of Mejia's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.